Submitted November 7, reversed December 31, 2014

In the Matter of R. J. B.,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

R. J. B.,
*Appellant.*

Jackson County Circuit Court
14CC01134; A157295

342 P3d 142

Charles Kochlacs filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

PER CURIAM

## PER CURIAM

Appellant seeks reversal of an order committing him for a period not to exceed 180 days. ORS 426.130. He contends that the trial court committed plain error when it failed to advise him of his right to subpoena witnesses. *See* ORS 426.100(1) (providing that the court shall advise the person of, among other things, "[t]he right to subpoena witnesses"). The state concedes that the court's failure constitutes plain error and requires reversal. We agree, accept the state's concession, and conclude that it is appropriate to exercise our discretion to correct the plain error for the reasons stated in *State v. M. L. R.*, 256 Or App 566, 303 P3d 954 (2013). *See id.* at 570-72 (observing that "plain error review of violations of ORS 426.100(1) is justified by the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice" and exercising discretion to correct the plain error (internal quotation marks omitted)). Because we reverse the judgment on that basis, we do not address appellant's second and third assignments of error.

Reversed.